UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLEY ANN SHELL and ARNOLD DEE
SHELL,

        Plaintiffs,

                      Case Number 05-10191-BC
v.                     Honorable David M. Lawson

TROOPER DAVE CROCKETT,

        Defendant.
_____/

## ORDER DENYING JOINT MOTION TO AMEND SCHEDULING ORDER

Before the Court is a motion filed by counsel for both plaintiffs and defendant to amend the scheduling order that was entered by this Court on October 7, 2005. The premise of the motion is that the Court counseled the parties at a February 2, 2006 status conference to suspend discovery while they presented their case to a facilitator in an effort to settle it. That premise, however, is false.

The Court conducted a status conference on February 2, 2006 to discuss alternative dispute resolution. At the conference, the parties agreed to present their dispute to a United States magistrate judge and engage in facilitative mediation. At that conference, the Court suggested that the parties may want to try a settlement before a facilitator before the end of the discovery period so that, if the case did settle, both sides could save transactional costs in the lawsuit. However, in no respect did the Court suggest or intimate to the parties that the scheduling order would be suspended or that counsel otherwise should suspend discovery pending the outcome of the facilitative mediation session.

Moreover, the Case Management and Scheduling Order in this case was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the Court to "enter a scheduling order that limits the time . . . to file motions [] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). The court may change a scheduling order "only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary,* 349 F.3d at 906 (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*,281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (joining the Eighth, Ninth and Eleventh Circuits); *Leary*, 349 F.3d at 906.

As mentioned, the Case Management and Scheduling Order was entered in this case on October 7, 2005. Discovery remained open through April 3, 2006. The parties have offered no basis for this Court to conclude that the deadlines stated in the Case Management Order could not have been met with the exercise of reasonable diligence. Consequently, good cause to modify the case management order has not been demonstrated.

Accordingly, it is **ORDERED** that the joint motion to amend the scheduling order [dkt # 7] is **DENIED**.

Dated: April 14, 2006                     s/David M. Lawson
                 DAVID M. LAWSON
                 United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS